**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  )<br>   )<br>Plaintiff,   )<br>vs.   )<br>   )<br>PROSPECT AIRPORT SERVICES, INC.,  )<br>and DOES I-10, inclusive,   )<br>   )<br>Defendant.   )<br>   ) | 2:05-CV-1125-KD-GWF<br><br>**ORDER** |

INTRODUCTION

Presently before the Court is Defendant's Motion in Limine to Bifurcate the Trial into Two Phases (#83). Plaintiff has filed an Opposition (#100) and Defendant has filed a reply (#119) which have also been considered by the Court. Also before the Court is Defendant's Motion in Limine to Exclude Witnesses Not Disclosed During Discovery (#84) along with Plaintiff's Opposition (#103) and Defendant' Reply (#110) which have all been considered by the Court. Also before the Court is Defendant's Motion in Limine to Exclude Argument and Evidence that Rudolpho Lamas Found Any Conduct Before the Third Note Harassing (#85). Plaintiff has filed an opposition (#105) and Defendant has filed a reply (#111). Also before the Court is Defendant's Motion in Limine to Exclude Evidence of Monetary Damages (#86). Plaintiff filed an opposition (#104) which has been considered by the Court. Also before the Court is Defendant's Motion to Compel Production of Therapist's Notes and Motion in Limine to Include Testimony Regarding Therapists Meetings (#87). Plaintiff has filed an opposition (#102) and Defendant filed a reply (#113) which have also been considered by the Court. Plaintiff filed a Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party Rudolpho Lamas' Work Performance at Prospect (#91). Defendant filed an opposition (#116) and Plaintiff filed a reply (#125). Plaintiff also filed a Motion in Limine to Exclude Evidence and Arguments Regarding Charging

Party Rudolpho Lamas' Prior and/Or Subsequent Work Performance (#92).  Defendant filed a opposition (#120) and Plaintiff filed a reply (#126) which were also considered by the Court. Also before the Court is Plaintiff's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party Rudolpho Lamas' Past Sexual Behavior or Alleged Sexual Predisposition (#93).  Defendant has filed an opposition and Countermotion (## 107, 109), Plaintiff filed a response and opposition (#117), and Defendant filed a reply in support of the Countermotion (#128) which were considered by the Court. Also before the Court is Plaintiff's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party Rudolpho Lamas' Mental Health Care Therapy and Therapy Records Outside of Information Regarding the Harassment at Issue in This Case (#94) to which Defendant filed an Opposition (#115) which were considered by the Court.  Also before the Court is Plaintiff's in Limine Request for Judicial Notice (#95 and 95-1). Defendant has filed an Opposition (#114) and Plaintiff filed a reply (#127) which were considered by the Court.

## RULINGS

Defendant's Motion in Limine to Bifurcate Trial (#83) seeks to divide the trial into liability and punitive damage phases.  Plaintiff opposes, arguing repetition of evidence, duplication of efforts and lack of prejudice to Defendant.  The same jury will be used to determine all issues.  Any additional evidence supporting liability for punitive damages can be presented separately after the jury has made its determination on the primary claim.  There is a strong likelihood that a jury, attempting to determine liability, would be unduly influenced by the other acts evidence supporting the claim for punitive damages.  There will be no delay in trying the case in two phases.  Accordingly, Defendant's Motion in Limine to Bifurcate Trial (#83) is **GRANTED**.

Defendant's Motion in Limine to Exclude Witnesses Not Disclosed During Discovery (#84) seeks to exclude testimony from Vicki Strobel, Forrest Alvarez, Angela Tullos and Clarence Johnson.  Plaintiff has not shown Defendant had notice of Clarence Johnson or Forrest Alvarez's knowledge of facts concerning this case.  The late disclosure is unduly prejudicial and the

testimony is excluded.  Strobel is not the person designated as the Rule 30 (b)(6) witness. Claypool can provide the same testimony.  Late notice is unduly burdensome on Strobel and accordingly testimony of Strobel is excluded.  Tullos' late disclosure is harmless.  Accordingly, Defendant's Motion in Limine to Exclude Witnesses Not Disclosed During Discovery (#84) is **GRANTED** in part and **DENIED** in part.  Testimony from Alvarez, Johnson and Strobel is excluded.  Tullos will be allowed to testify.

Defendant's Motion in Limine to Exclude Argument and Evidence that Rudolpho Lamas Found Any Conduct Before the Third Note Harassing (#85) is **DENIED**.  The totality of Munoz' conduct toward Lamas is at issue.

Defendant's Motion in Limine to Exclude Evidence of Monetary Damages (#86) is **DENIED** in part.  Plaintiff seeks only general and punitive damages, not front or back pay or specials.  The punitive damage claim, however, is problematic.  Other Courts under similar circumstances have precluded Plaintiff from suggesting an amount of compensatory or punitive damages absent complying with  FRCP 26.  Accordingly, Defendant's Motion in Limine to Exclude Evidence of Monetary Damages in **GRANTED** in part.  Plaintiff may request general and punitive damages, but may not suggest or request a specific amount.

Defendant's Motion to Compel Production of Therapist's Notes and Motion in Limine to Include Testimony Regarding Therapist's Meetings (#87) seeks to require production of evidence of Llamas' mental health issues which may have affected his work performance aside from the alleged sexual harassments.  Plaintiff opposes arguing that Defendant has failed to articulate why it failed to move to compel discovery at an earlier time.  However, Plaintiff has been on notice that the records were in issue.  The records may be probative on the issue of the cause of Llamas' distress and perceived harassment.  There is no prejudice to Plaintiff in being required to produce records it may already have or in issuance of a subpoena requiring Llamas' mental health provider to produce such records.  Accordingly, Defendant's Motion to Compel Production of Therapist's Notes and Motion in Limine to Include Testimony Regarding Therapist's Meetings (#87) is **GRANTED**.

1    Plaintiff's Motion in Limine to Exclude Evidence and Arguments Regarding Charging
2 Party Rudolpho Lamas' Work Performance at Prospect (#91) is **DENIED**.  Lamas has previously
3 testified he believed his work performance changed as a result of Munoz's sexual harassment.
4 Plaintiff intends to put on evidence of his good character and work ethic, thereby opening the door
5 for all such evidence.  The evidence is highly relevant to the issues in this case and not unduly and
6 unfairly prejudicial.  Defendant claims Lamas' performance changed before the alleged harass-
7 ment.  Accordingly, EEOC's Motion in Limine to Exclude Evidence and Arguments Regarding
8 Charging Party Rudolpho Lamas' Work Performance is **DENIED**.

9    EEOC's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party
10 Rudolpho Lamas' Prior and/or Subsequent Work Performance (#92) raises essentially the same
11 issues as EEOC's Motion in Limine to Exclude Evidence and Arguments Regarding Charging
12 Party Rudolpho Lamas' work performance at Prospect (#91).  For the reasons set forth above, the
13 Court finds that the subject evidence is relevant, probative and not unfairly prejudicial Accord-
14 ingly, EEOC's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party
15 Rudolpho Lamas' Prior and/or Subsequent Work Performance is **DENIED**.

16    EEOC's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party
17 Rudolpho Lamas' Past Sexual Behavior or Alleged Sexual Predisposition (#93) asserts that any
18 evidence or testimony of Lamas' personal matters that occurred outside of the workplace with
19 people other than the alleged harasser is completely immaterial to the issues at hand.  Plaintiff's
20 statement of the issue makes it appear that Defendant is attempting to introduce Lamas' entire
21 personal sexual history.  Defendant responds that it is only requesting admissibility of Lamas'
22 prior statements at another place of employment and to be able to respond to Lamas' assertion that
23 because of his strong Christian values, he found Munoz's conduct harassing.  Defendant further
24 responds that the evidence is relevant to the issue of the reasonableness of Defendant's response to
25 the allegations of harassment and whether Lamas requested Defendant not to take action against
26 Munoz.  Lamas has placed his mental state in issue and his mental state is relevant to the question
27 of whether he found Munoz's conduct offensive.  Defendant has filed a Countermotion (#109),
28

4

seeking permission to adduce evidence on that topic. Accordingly, Plaintiff's Motion in Limine to Exclude Evidence and Argument Regarding Charging Party Rudolpho Lamas's Past "sexual" Behavior or Alleged "Sexual" Predisposition is **DENIED** to the extent of Lamas' comments to a coworker, Lamas' perception of sexual harassment, Lamas' statement to Mitchell that he did not want to file a complaint against Munoz, and Lamas' interaction with his supervisor when he was accused. Defendant's Countermotion (#109) is **GRANTED**.

EEOC's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party Rudolpho Lamas' Mental Health Care Therapy and Therapy Records Outside of the Information Regarding the Harassment at Issue in this Case (#94) also deals with mental health treatment sought by Lamas unrelated to the special sexual harassment allegations asserted in this action. As stated previously, Lamas attributes emotional distress to his employment with Defendant. Plaintiff has been aware that these records were in issue and there is no prejudice in requiring them to be produced. They may contain evidence that is relevant to the claim that Lamas' emotional stress was caused by Munoz. Accordingly, EEOC's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party's Mental Health Care Therapy (#94) is **DENIED**.

EEOC's Motion in Limine Request for Judicial Notice (#95) seeks to have the Court take judicial notice of the number of defendant's employees, Defendant's gross sales, certain statutes and Nevada Employment Security Division Publications. The information on the number of Defendant's employees does not meet the requirements for judicial notice and is irrelevant to the sexual harassment claim. Similarly, Defendant's gross sales are irrelevant to the sexual harassment claim. However, statutes may be judicially noticed and Nevada Employment Security Division Publications are not reasonably subject to dispute and are relevant to the issues to be tried. Accordingly EEOC's Preliminary Request for Judicial Notice (#95) is **GRANTED** in part and **DENIED** in part as stated.

**CONCLUSION**

ACCORDINGLY, IT IS HEREBY ORDERED THAT Defendant's Motion in Limine to Bifurcate the Trial into Two Phases (#83) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Witnesses Not Disclosed During Discovery (#84) is **GRANTED** in part and **DENIED** in part.  Testimony from Alvarez, Johnson and Strobel is excluded.  Tullos will be allowed to testify.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Argument and Evidence that Rudolpho Lamas Found Any Conduct Before the Third Note Harassing (#85) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Evidence of Monetary Damages (#86) is **DENIED** in part and **GRANTED** in part.  Plaintiff may request general and punitive damages, but may not suggest or request a specific amount.

IT IS FURTHER ORDERED Defendant's Motion to Compel Production of Therapist's Notes and Motion in Limine to Include Testimony Regarding Therapists Meetings (#87) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party Rudolpho Lamas' Work Performance at Prospect (#91) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party Rudolpho Lamas' Prior and/or Subsequent Work Performance  (#92) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Exclude Evidence and Arguments Regarding Charging Party Rudolpho Lamas' Past Sexual Behavior or Alleged Sexual Predisposition (#93) is  **DENIED** to the extent of Lamas' comments to a coworker, Lamas' perception of sexual harassment, Lamas' statement to Mitchell that he did not want to file a complaint against Munoz, and Lamas' interaction with his supervisor when he was accused.  Defendant's Countermotion (#109) is **GRANTED**.

1    IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Exclude Evidence and
2 Arguments Regarding Charging Party Rudolpho Lamas' Mental Health Care Therapy and Therapy
3 Records Outside of the Information Regarding the Harassment at Issue in this Case (#94) is
4 **DENIED**.

5    IT IS FURTHER ORDERED that Plaintiff's Motion in Limine Request for Judicial Notice
6 (#95) is **GRANTED** in part and **DENIED** in part.

7    DATED:    December 6, 2011

_____
UNITED STATES DISTRICT JUDGE