UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>PROSPECT AIRPORT SERVICES, INC.,<br><br>        Defendant. | Case No. 2:05-CV-01125-KJD-RJJ<br><br>**ORDER** |

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Injunctive Relief (#156), to which Defendant Prospect Airport Services ("Prospect") responded (#157) and Plaintiff replied (#161). Also before the Court are Plaintiff's Motions to File Documents Under Seal (#160) and to Amend the Motion to File Documents Under Seal (#163). Also before the Court is Defendant's Motion for Leave to File a Surreply to EEOC's Reply Brief (#162) which Plaintiff opposed (#164).

I.  Background

In 2005, Plaintiff filed suit against Defendant for allegedly subjecting Rudolpho Lamas ("Lamas") to unwelcome sexual harassment by a co-worker during 2002 and 2003. Three days before trial, on December 16, 2011, the parties entered an agreement during the Settlement Conference

(#159) to facilitate this Court's determination regarding injunctive relief. The monetary claim was settled for $75,000, leaving only the question of non-monetary sanctions before this Court. The relevant terms of the settlement are as follows: 1) "Prospect does not contest…that the employee Rudolpho Lamas was subjected to a sexually hostile work environment," 2) "Prospect does not contest…that [it] failed to respond to Mr. Lamas' Complaint."

In the time since this lawsuit was filed, it appears that Defendant has taken substantial efforts to ensure compliance with the sexual harassment provisions of Title VII. It also appears that all individuals involved, including the harassee, harasser, and the relevant supervisors had left Prospect by mid-2006.

II. Analysis

A. Motion to File Documents Under Seal

Section 2000e-5(b) of Title VII prohibits Plaintiff from making public the charges they receive. The Local Rules permit the Court to seal these documents. Local Rule 10-5. Therefore, in order to enable Plaintiff to fully present its case while abiding by the requirements of Title VII, this Court grants leave to file the following documents under seal: Plaintiff EEOC's Reply Brief in Support of its Motion For Injunctive Relief (#161), and Declaration of Trial Attorney Amrita Mallik in Support of the EEOC's Reply Brief In Support of its Motion For Injunctive Relief (attached to #156).

B. Motion to Amend Plaintiff's Motion to File Documents Under Seal

Plaintiff's Motion to Amend (#163) is granted as to EEOC's Opposition to Defendant's Motion for Leave to File a Surreply (#164) for the same purposes served by permitting the previous filing of documents under seal.

C. Motion for Leave to File a Surreply

Defendant's proposed Surreply is unnecessary and the Motion is denied.

### D. Motion for Injunctive Relief

#### 1. Intentional Unlawful Employment Practice

"If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate…" 42 U.S.C. 2000e-5(g). However, the Ninth Circuit has "adopt[ed] a broad interpretation of the term 'intentionally' to include all employment practices engaged in deliberately rather than accidentally." Schaeffer v. San Diego Yellow Cabs, Inc., 462 F.2d 1002, 1006 (9th Cir. 1972). In application, this definition requires only that a defendant "meant to do what he did, that is, his [action] was not accidental." Local 189, United Papermakers and Paperworkers v. United States, 416 F.2d 980, 996 (5th Cir. 1969), cert. denied, 397 U.S. 919 (1970).

Defendant argues that the EEOC is not entitled to an injunction because there is no showing that Defendant's conduct was intentional. However, there can be no question that Defendant's failure to responsively investigate and remedy the sexual harassment "was not accidental." To be clear, the Court does not find that Defendant acted in bad faith. However, it is only accidental action—not the absence of bad faith—which prevents the issuance of an injunction. See Albemarle Paper Co. v. Moody, 422 U.S. 405, 422 (1975). Because Defendant's actions qualify as "intentional" under the statute, this Court will determine if injunctive relief is appropriate.

#### 2. Injunctive Relief

If the conduct is found to be intentional, "District Courts have broad equitable powers to fashion relief for violations of Title VII…" Bouman v. Block, 940 F.2d 1211, 1233 (9th Cir. 1991). However, "the moving party must satisfy the court that relief is needed." United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953). The courts may not issue an injunction unless persuaded that there is "some cognizable danger of recurrent violation, something more than the mere possibility…" Cummings v. Connell, 316 F.3d 886, 897 (9th Cir. 2003); accord United States v. Laerdal Mfg. Corp., 73 F.3d 852, 854 (9th Cir. 1995). In making this determination, where a defendant takes

remedial steps after charges have been filed, such action "fails to provide sufficient assurances that [the defendant] will not repeat the violation…" E.E.O.C. v. Goodyear Aerospace Corp., 813 F.2d 1539, 1544 (9th Cir. 1987).

Factors the court examines in determining the likelihood of future violations include:

> the degree of scienter involved; the isolated or recurrent nature of the infraction; the defendant's recognition of the wrongful nature of his conduct; the extent to which the defendant's professional and personal characteristics might enable or tempt him to commit future violations; and the sincerity of any assurances against future violations

Laerdal, 73 F.3d at 855. It is important to note that "injunctive relief is designed to deter future misdeeds, not to punish past misconduct." Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 564 (9th Cir. 1990).

There has been no trial in which to find facts and the terse language of the settlement agreement between the parties provides the only settled factual basis for this Court's determination. However, the Court has been overseeing this case since 2005 and is "extremely familiar with its history." See Davis v. City & County of San Francisco, 890 F.2d 1438, 1451 (9th Cir. 1989) (indicating deference where remedy was fashioned in part based on District Court's familiarity with case).

Injunctive relief cannot issue unless there is a cognizable risk of recurrent violations. After being sued, Defendant took substantial remedial actions to prevent further violations of Title VII. However, these actions are insufficient assurances that Defendant will not repeat the violation. Goodyear, 813 F.2d at 1544. However, given the breadth of Defendant's actions, as well as the considerable time period that has elapsed since charges were filed, these remedial actions weigh in Defendant's favor. There is no clear indication of scienter, since the timing and nature of the complaints made by Lamas has not been established. Plaintiff failed to obtain a stipulation of facts showing scienter despite the opportunity to do so in the settlement agreement, and the burden rests with Plaintiff to satisfy this Court that relief is needed.

To determine whether relief is appropriate based on the isolation or recurrence of the

violation, the relevant level of analysis is not between Lamas and his co-worker, both of whom have long ago left the company, but rather the isolation or recurrence of sexual harassment violations within the company. Plaintiff alleges certain evidence filed under seal[1] relates to whether or not the isolation or recurrence factor weighs in favor of injunctive relief. However, Plaintiff provides no authority that withdrawn charges are relevant to this inquiry. Further, viewing Plaintiff's evidence in the light most favorable to Plaintiff, it is insufficient to demonstrate a likelihood of recurrence beyond a "mere possibility."

Defendant appears to recognize the wrongful nature of its conduct since it has settled with Lamas for $75,000. Defendant does not appear to have characteristics distinct from those of any other business which would enable or encourage it to engage in further violations. The Court has no specific indication that Defendant's desire to avoid any future violations is insincere.

However, the Court is convinced that injunctive relief is necessary in this case. The steps undertaken by Defendant appear to be aimed at transitioning away from sexual harassment violations. However, to ensure that this is the case and to assist Defendant in solidifying its transition over time, the Court orders injunctive relief against Defendant Prospect as follows:

1. Defendant Prospect, its officers, agents, and managers are enjoined from violating Title VII as it relates to sexual harassment for a period of five (5) years.
2. Defendant Prospect will develop, implement, and distribute to all employees an Anti-Harassment Policy regarding sexual harassment in all of its facilities. The policy shall include:
    a. A clear explanation of the conduct prohibited by the policy
    b. A clearly described Complaint Process for any employee who believes they have been subjected to sexual harassment in Defendant's workplace.
        i. Defendant Prospect shall develop, implement, and publicize to all

---

[1] The documents were filed under seal in order to comply with 42 U.S.C. 2000e-5(b).

employees a Complaint Process which includes multiple accessible avenues of complaint, including verbal complaints, and which keeps complaints as confidential as reasonably possible. Defendant Prospect shall further develop and implement a procedure for communicating with the complainant regarding the status of the complaint, findings from the investigation, and remedial action taken.

3. Defendant Prospect will develop and implement a prompt, thorough, effective, and impartial Investigation Process. This will include a procedure detailing how to conduct, document, and report the investigation. All supervisory employees who receive a complaint of sexual harassment either verbally or in writing shall report the complaint to Defendant's Human Resources Department within 24 hours.

4. Defendant Prospect will develop and implement appropriate disciplinary policies holding all company personnel accountable for their inappropriate action or inaction regarding sexual harassment.

5. Defendant Prospect will conduct mandatory annual training for all supervisory employees regarding their obligations under the Anti- Harassment Policy, the Complaint Process, the Investigation Process, and Title VII as it relates to sexual harassment.

6. Defendant Prospect will ensure that all current and future non-supervisory employees are aware of the Anti-Harassment Policy, the Complaint Process, and the Investigation Process.

7. Defendant Prospect will develop and implement a process whereby employees at all levels may submit questions regarding sexual harassment and receive timely answers from Human Resources.

8. Defendant Prospect is required to submit EEOC Monitoring Reports once every six months for a period of three (3) years.

1  The Court has determined that this relief is appropriate to prevent future violations. The first
2 six injunctions are harmonious with actions already begun by Defendant and serve to ensure
3 completion of Defendant's preparations for compliance with Title VII.
4  The Court has determined that annual training of supervisory employees is sufficient to
5 ensure compliance without the substantial costs associated with the requested annual live training for
6 hundreds of employees. Defendant is free to utilize live training, but this Court finds no reason to
7 mandate any specific form of training.  Injunction #7 is fashioned to appropriately address Plaintiff's
8 request that all employees have a venue for questions regarding sexual harassment.
9  Under the circumstances presented here, three years of monitoring is sufficient to ensure that
10 the changes outlined in this Order are fully and stably implemented by Defendant.  However, the
11 Court declines to mandate that Defendant contract with an EEOC Consultant to review and revise its
12 policies.  Defendant appears to be a sophisticated enterprise capable of ensuring its own compliance
13 and this Court sees no reason to require third-party involvement in implementation of this Order or
14 preparation of the monitoring reports.
15  Finally, Plaintiff has proposed an injunction requiring the posting of Notice regarding this
16 Action, the above Injunctions, and Defendant's commitment to abiding within Title VII.  The
17 Injunction as ordered provides a sufficient avenue for communicating sexual harassment policies.
18 To the extent that the proposed relief is not duplicative, it would impermissibly serve a punitive
19 rather than a preventative function. Accordingly, the Court declines to require Notice as proposed by
20 the Plaintiff.
21  III.  Conclusion
22  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunctive Relief
23 (#156) is **DENIED in part** and **GRANTED in part** as set forth herein;
24  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Documents Under
25 Seal (#160) and Plaintiff's Motion to Amend the Motion to File Documents Under Seal (#163) are
26 **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File a Surreply (#162) is **DENIED**.

DATED this 25th day of July 2012.

_____
Kent J. Dawson
United States District Judge